# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>WILLIAM STRAUSS,<br><br>　　　　Defendant. | )<br>)　Case No. 1:18-cv-00339-RJJ<br>)　Hon. Robert J. Jonker<br>)<br>)<br>)<br>)<br>) |

---

| | |
|---|---|
| JOEL A. BERNIER (P-74226)<br>Attorney for Plaintiff<br>49139 Schoenherr Road<br>Shelby Township, MI 48315<br>(586) 991-7611 tel.<br>(586) 991-7612 fax.<br>Bbclawgroup@gmail.com | GREGORY J. CROCKETT  (P-45289)<br>Attorney for Defendant<br>2196 Commons Parkway<br>Okemos, MI 48864<br>(517) 349-9090 tel.<br>crockettslaw@yahoo.com |

---

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for Tuesday October 9, 2018, at 4:00 p.m. before the honorable Robert J. Jonker.  Appearing for the parties as counsel will be:

> Joel A. Bernier　　　　　　　　Benjamin Fulger
> *Attorney for Plaintiff*　　　　　　*Attorney for Defendant*
> 49139 Schoenherr Road　　　　2196 Commons Parkway
> Shelby Township, MI 48315　　Okemos, MI 48864
> (586) 991-7611　　　　　　　　(517) 349-9090

1. <u>Jurisdiction</u>:　The basis for the Court's jurisdiction involves a federal question involving 17 U.S.C. §§ 101 et seq. (the "Copyright Act") which is conceded by the parties

2. <u>Jury or Non-Jury Trial</u>:  The case is to be tried before a jury

3. <u>Judicial Availability</u>:  The parties <u>do not</u> agree to have United State Magistrate Judge conduct any and all further proceedings in the case, including, trial.

4. <u>Statement of Case</u>: The following is a summary of the nature of the claims and/or defenses involve:

a. Plaintiff contends that Defendant engaged in the unauthorized downloading and/or uploading of 17 of its copyrighted works using a BitTorrent file distribution network in violation of the Copyright Act. In support of its claims, Plaintiff contends that Defendant's Internet Protocol Address that was monitored and/or detected in a swarm exchange of its copyrighted works is indicative of Defendant's identity and/or role in furtherance of the unauthorized duplication and/or exchange.

b. Defendant's Position. Defendant Strauss steadfastly denies that he downloaded or distributed any works from Malibu Media. It is therefore not possible for Defendant Strauss to be in violation of 17 U.S.C. § 101. Mr. Strauss further vehemently denies having used any BitTorrent file distributing network, and has never distributed any movies or pieces of movies to anyone else. This is simply a case of accusing the wrong Defendant. Plaintiff knows that BitTorrent and programs like it are the infringers they should be bringing suit against, but instead prefer to attempt to coerce settlements out of innocent individuals such as Defendant Strauss, who is resolute in having not downloaded or distributed any such works from Malibu Media.

Plaintiff has failed to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent use and the IP address Plaintiff asserts is related to Defendant. Additionally, Plaintiff has not established the validity of

any technology they have used to link Defendant's IP address with the alleged activity. On information and belief, Plaintiff has failed to subpoena any records from AT&T U-verse linking Plaintiff to the IP address. Further discovery must be done to determine the extent and validity of Plaintiffs evidence connecting Defendant Strauss to this alleged activity.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties do not expect to file any motions seeking to join any additional parties or to amend the complaint.

6. <u>Disclosures and Exchanges</u>: The parties shall provide their Disclosures as required by Fed. R. Civ. P. 26 as follows:

    i. The Parties agree to:

        a. Fed. R. Civ. P. 26(a)(1) disclosures by **November 9, 2018.**

        b. Fed. R. Civ. P. 26(a)(2):

            i. Plaintiff's disclosures by **May 9, 2019**.

            ii. Defendant's disclosures by **June 11, 2019.**

        c. Fed. R. Civ. P. 26(a)(3) disclosures by **September 17, 2019**.

        d. The parties do not agree to voluntary production without the need of a formal request for production at this time.

        e. Initial Disclosure of potential lay witnesses will be made with the Fed. R. Civ. P. disclosures made by November 9, 2018.

7. <u>Discovery</u>:

    i. The parties believe the following proposed dates are in line with what is realistic for these copyright infringement cases, especially as to expert reports which should be due after close of fact discovery so experts have all information upon

which to base their expert opinions, and a separate date for close of expert discovery sometime after expert reports are served:

a. The parties request the Court's regular six months for fact discovery (as stated in the Order setting scheduling conference [CM/ECF 17] apply from the date of the scheduling conference, which would give a fact discovery deadline of **April 9, 2019**.  No good cause for deviation exists.

b. The parties requests a date for close of any expert discovery of **July 2, 2019**.

c. The parties state the presumptive limits for interrogatories (25 single part questions due 30 days after service per Fed. R. Civ. P. 33) should apply.  No good cause for deviation exists.

d. The parties request that Requests for Admissions not be limited. No good cause for deviation exists.

e. The parties state the presumptive limits for depositions (10 per side per Fed. R. Civ. P. 30) should apply.  No good cause for deviation exists.

f. Plaintiff submits that discovery will be needed on the following subjects:
   i. Defendants' involvement in the use of the BitTorrent file distribution program;
   ii. Defendant's involvement with the use and/or exchange of Plaintiff's copyrighted works;
   iii. Access to any computer equipment systems in Defendant's care custody or control on or about the alleged dates of infringement.

g. Defendant submits that discovery will be needed on the following subjects:
   i. Plaintiffs use of allegedly "proven IP address geolocation technology" and the specifics of such technology;
   ii. Plaintiffs methodology for collecting and/or ascertaining the identity of an alleged copyright infringer including the reliability and verifiability of the information obtained therein; and,
   iii. Third Party internet service provider's methodology for ascertaining the identity of an individual associated with a particular IP address including the reliability and verifiability of the information obtained therein.

      ii.      The parties agree to supplementation under Rule 26(e) due as provided in the Rule.

      iii.      The parties have discussed discovery of Electronically Stored Information and anticipate that the discovery may include a request for production and/or examination of one or more computer devices. The parties expect to accommodate such a request, if made, through the implementation of a protective order restricting access and/or production of electronically stored information to issues related only relevant information in connection with the claims and/or cause of action.

8.      <u>Motions</u>:  The parties anticipate that all dispositive motions will be filed by **July 13, 2019** to allow for the close of fact and expert discovery prior to the deadline for filing dispositive Motions.

The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9.      <u>Alternative Dispute Resolution</u>:  The parties agree to submit this matter to voluntary facilitative mediation, with a mediator to be agreed to by the parties, following the completion of discovery.  The parties do not agree to have this matter submitted to Case Evaluation.

10.      <u>Trial Length</u>: The parties anticipate the trial will last approximately 4 days with 2 days for Plaintiff and 2 days for Defendant.

11.      <u>Prospects of Settlement</u>. The parties are conducting ongoing settlement discussions.

12. <u>Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.

Dated: October 2, 2018

| /s/ Joel A. Bernier | /s/ Gregory J. Crockett |
|---|---|
| JOEL A. BERNIER (P-74226) | GREGORY J. CROCKETT  (P-45289) |
| Attorney for Plaintiff | Attorney for Defendant |
| 49139 Schoenherr Road | 2196 Commons Parkway |
| Shelby Township, MI 48315 | Okemos, MI 48864 |
| (586) 991-7611 tel. | (517) 349-9090 tel. |
| (586) 991-7612 fax. | crockettslaw@yahoo.com |
| Bbclawgroup@gmail.com | |